UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACOB KAESTNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:17-CV-2607 CAS |
| v. ) | |
| ) | |
| DIVERSIFIED CONSULTANTS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Diversified Consultants, Inc.'s ("DCI") motion to dismiss. Plaintiff Jacob Kaestner opposes the motion and it is fully briefed. For the following reasons, the motion to dismiss, construed as a motion for judgment on the pleadings, will be granted.

**I. Background**

This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA"). The case was filed in the Circuit Court of Jefferson County, Missouri, Associate Circuit Division, and removed to this Court by defendant Trans Union, LLC, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Plaintiff sues nine defendants: Credit reporting agencies Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC (collectively referred to as "CRAs"), and credit information furnishers Transworld Systems, Inc., American Express Centurion Bank, Inc., Capital One, N.A., Credit One Bank, Citibank North America, and DCI (collectively referred to as "Furnishers").[1]

---

[1] Plaintiff dismissed his claims against defendants Credit One Bank (Doc. 31) and American Express Centurion Bank, Inc. (Doc. 29), and has filed notices of settlement with defendants Equifax Information Services, LLC (Doc. 12), and Citibank North America (Doc. 28). There is no indication

Count I of the petition asserts a violation of the FDCPA by defendants DCI and Transworld System, Inc., Count II asserts a violation of the FCRA by the three CRAs and is not at issue on the instant motion, and Count III asserts a violation of the FCRA by the Furnishers.

Plaintiff alleges that in the fall of 2016, he noticed that the Furnishers were "reporting inaccurate, negative and derogatory information about" him to the CRAs. Pet. ¶ 18. In response, plaintiff sent a detailed written dispute to the three CRAs that explained how the tradelines were inaccurate and asked for a reinvestigation. Id. ¶¶ 19-20. The CRAs responded that they verified or updated the derogatory accounts and refused to remove them. Plaintiff sent new reinvestigation correspondences to the CRAs on four separate dates, but the CRAs again responded that they verified the accounts and refused to delete the tradelines. Id. ¶¶ 20-23.

As relevant to defendant DCI, plaintiff alleges that DCI "should never have been reporting as Plaintiff paid the original creditor, even though Plaintiff disputed owing [it] any money." Id. ¶ 24. Plaintiff alleges that the "inaccurate information of all the Defendant credit furnishers includes, but is not limited to: incorrect payment history, outstanding and delinquent balance, dates, status, amount owed and past due." Id. ¶ 27. Plaintiff alleges that the CRAs and Furnishers "have wrongfully verified the derogatory tradelines since Plaintiff's initial FCRA dispute and all other subsequent written disputes," and "have continued to report and maintain this derogatory and inaccurate information related to Plaintiff's credit history and said derogatory information has been conveyed to third parties." Id. ¶¶ 29-30. Plaintiff alleges that because he already paid and did not owe the amount DCI is claiming, DCI is attempting to collect a debt that it cannot legally collect in violation of 15 U.S.C. § 1692e, and is misrepresenting the character, amount and/or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A). Id. ¶ 32.

---

in the record that defendant Transworld System, Inc. has been served with process.

In Count III, plaintiff additionally alleges that the CRAs reported to DCI that plaintiff disputed the collection accounts, charge-offs, and false credit reporting, but despite receiving this information, DCI "failed to respond with truthful information, failed to acknowledge the disputes and/or reported the false, derogatory information," and continued to falsely report about plaintiff to the CRAs. Id. ¶¶ 45-47. Plaintiff alleges that DCI failed to "respond to reinvestigation requests and failed to supply accurate and truthful information" in violation of 15 U.S.C. § 1681s-2(b), id. ¶ 48, and continued to report false and inaccurate information, failed to retract, delete, and suppress false and inaccurate information it reported about plaintiff, and failed to investigate or reinvestigate regarding inaccurate consumer data it reported and re-reported about plaintiff. Id. ¶¶ 49-51.

Plaintiff alleges that as a result of DCI's actions, he was prevented from obtaining financing, suffered emotional distress, and incurred attorney's fees.

## II. Legal Standard

DCI filed the instant motion to dismiss for failure to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, but it previously filed an answer (Doc. 11) to the petition. A Rule 12(b)(6) motion technically cannot be filed after an answer has been submitted, see Rule 12(b); NanoMech, Inc. v. Suresh, 777 F.3d 1020, 1023 (8th Cir. 2015). Rule 12(h)(2) provides that a defense of failure to state a claim upon which relief can be granted may be raised in a motion for judgment on the pleadings under Rule 12(c). The Court will therefore construe DCI's motion to dismiss as a motion for judgment on the pleadings under Rule 12(c).

A motion under Rule 12(c) is determined by the same standards that are applied to a motion under Rule 12(b)(6). Ginsburg v. InBev NV/SA, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010). To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

3

to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

The Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Twombly, 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. Iqbal, 556 U.S. at 678.

**III. Discussion**

DCI asserts that plaintiff's factual allegations are so threadbare and conclusory they do not satisfy federal pleading requirements, as plaintiff fails to allege facts sufficient to permit DCI to discern the improper conduct in which it allegedly engaged and to meaningfully contest it.

A. FDCPA Claim

The FDCPA prohibits a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of debt." 15 U.S.C. § 1692d. A debt collector "may not use any false, deceptive, or misleading representations or means" or "any unfair or unconscionable means" in connection with the collection of debt. 15 U.S.C. §§ 1692e–1692f; Janson v. Katharyn B. Davis, LLC, 806 F.3d 435, 437 (8th Cir. 2015).

4

Generally, to state a claim under the FDCPA a plaintiff must plead sufficient facts showing that: "(1) he or she is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA." Berk v. J.P. Morgan Chase Bank, N.A., 2011 WL 4467746, at *3 (E.D. Pa. Sept. 26, 2011). "Under the FDCPA, a plaintiff must allege sufficient facts to suggest that information in the debt collector's communications was false, deceptive, or misleading." Young v. LVNV Funding, LLC, 2012 WL 5508407, at *4 (E.D. Mo. Nov. 14, 2012).

In moving for dismissal, DCI states that plaintiff alleges generally the Furnishers were reporting inaccurate information including incorrect payment history, outstanding and delinquent balance, dates, status, amount owed and past due, but that plaintiff fails to allege facts to indicate which account he is referring to in relation to DCI, or what was inaccurate about the reported information. DCI states that plaintiff alleges it violated the FDCPA by reporting unspecified information on behalf of an unnamed creditor, about an unnamed account, to one, a few, or all of the co-defendant CRAs, and that the unidentified information was either false, or derogatory, or both, for unspecified reasons.

Plaintiff's petition is devoid of necessary factual content to flesh out its recitation of the elements of the cause of action, such as the specific debt DCI reported on and information as to how DCI's reporting was inaccurate. Plaintiff also fails to allege what information DCI reported to which of the CRAs, and how that information was false or derogatory. The petition's factual allegations are too threadbare and conclusory to allow the Court to draw the reasonable inference that DCI's actions violated any provision of the FDCPA. A formulaic recitation of the elements of an FDCPA claim is insufficient to survive Rule 12(b)(6) dismissal, so this aspect of DCI's motion

5

will be granted.  See, e.g., Astarita v. Solomon & Solomon, P.C., 2013 WL 1694807, at *2 (D.N.J. Apr. 18, 2013) (granting Rule 12(b)(6) motion in FDCPA case where plaintiff failed to allege the specific debt defendant attempted to collect, or details about dates, times, and manner of communications made to plaintiff attempting to collect the debt); see also Doyle v. Trans Union, Del., 638 F. App'x 559, 560 (8th Cir. 2016) (allegations of harassment and using deceptive means to collect a debt were too conclusory and failed where plaintiff provided no specific facts as to how the defendants violated the FDCPA); Eckert v. LVNV Funding LLC, 647 F.Supp.2d 1096, 1104 (E.D. Mo. 2009) (dismissing under Rule 12(b)(6) an FDCPA claim premised on an attempt to collect statutory prejudgment interest where the complaint contained no factual assertion as to when the plaintiff received demand for payment and failed to assert that the defendant sought prejudgment interest on the account in the state court action).

    B.  FCRA Claim

Under the FCRA, if a consumer notifies a consumer reporting agency (CRA) of a dispute regarding the completeness or accuracy of information contained in the consumer's credit report, the CRA is required to reinvestigate the disputed information.  15 U.S.C. § 1681i(a).  As part of its reinvestigation, the CRA must notify the furnisher of the credit information of the dispute.  15 U.S.C. § 1681i(a)(2).  Upon notice of a dispute from a CRA, § 1681s–2(b)(1) of the FCRA requires the furnisher of the information to conduct an investigation regarding the dispute and to report its findings accordingly:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall–
>
>     (A) conduct an investigation with respect to disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

6

> (C) report the results of the investigation to the consumer reporting agency; and
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information . . . ; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly–
>
>> (i) modify that item of information;
>>
>> (ii) delete that item of information; or
>>
>> (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s–2(b)(1).

Section 1681o of the FCRA provides consumers with a cause of action for negligent noncompliance with § 1681s–2(b), permitting the recovery of actual damages, costs and attorney's fees. Bruce v. First U.S.A. Bank, N.A., 103 F.Supp.2d 1135, 1142-43 (E.D. Mo. 2000). To prevail against a furnisher for violating § 1681s–2(b), a plaintiff must establish that: (1) he disputed the accuracy or completeness of information with a CRA; (2) the CRA notified the furnisher of the consumer's dispute; (3) and the furnisher failed to conduct an investigation, correct any inaccuracies, or notify the CRA of the results of the investigation. See 15 U.S.C. §§ 1681s-2(b); 1681i(a)(2).

DCI states that plaintiff alleges the CRAs reported to the Furnishers that plaintiff disputed the collection accounts, and despite being notified of the dispute the Furnishers either completely failed to respond to the request, or responded with false or derogatory information. DCI states that plaintiff does not allege whether it failed to respond at all or responded improperly. DCI also states that plaintiff asserts the Furnishers failed to respond to multiple reinvestigation requests, but does not provide any allegations as to whether or when the Furnishers received such requests, or what

accounts the requests concerned. Thus, DCI asserts that plaintiff claims it violated the FCRA by either completely failing to respond to a dispute and subsequent request for reinvestigation, and/or by responding, but with unspecified information about the unidentified account that was false and/or derogatory, for unspecified reasons. Further, DCI states that as with the FDCPA claim, plaintiff does not provide any of the necessary factual allegations such as which information on which accounts plaintiff disputed or requested reinvestigation, which information was inaccurate in DCI's responses to the dispute or reinvestigation, or whether DCI responded to the dispute or reinvestigation requests at all.

Plaintiff's petition fails to allege facts necessary to support its FCRA claim, as it does not identify the account(s) at issue and does not allege how the information DCI reported back to any of the CRAs was incorrect, incomplete, or inaccurate, or allege in what manner DCI failed to investigate, reinvestigate, or report. Plaintiff's conclusory statements and "naked assertion[s] devoid of further factual enhancement" are insufficient to state a claim for relief that is plausible on its face, as they are little more than a recitation of the elements of a § 1681s-2(b) claim. See Iqbal, 556 U.S. at 678 (internal quotation marks and citation omitted). DCI's motion to dismiss the FCRA claim should therefore be granted. See Shaunfield v. Experian Info. Solutions, Inc., 991 F.Supp.2d 786, 806 (N.D. Tex. 2014) (dismissing for failure to state a claim under 15 U.S.C. § 1681s-2(b) where plaintiff failed to specify the false, negative information the furnishers allegedly supplied to CRA and that they failed to correct or delete from his credit report); Owen v. Central Trust Bank, 2015 WL 2365721, at *1 (W.D. Mo. May 18, 2015) (stating that prior complaint was dismissed for failure to state a claim under 15 U.S.C. § 1681s-2(b) in part because plaintiff failed to describe the allegedly inaccurate information that was furnished).

## IV. Conclusion

For the foregoing reasons, defendant DCI's motion to dismiss for failure to state a claim under Rule 12(b)(6), construed as a motion for judgment on the pleadings under Rule 12(c), will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Diversified Consultants, Inc.'s Motion to Dismiss, construed as a motion for judgment on the pleadings, is **GRANTED**. [Doc. 13]

An appropriate partial judgment will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  17th  day of January, 2018.